NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4550
_____

WILLIAM L. FAIRFAX,
                                            Appellant

v.

COMMISSIONER OF SOCIAL SECURITY; PENNSLYVANIA OFFICE OF
VOCATIONAL REHABILITATION; GOVERNOR OF THE COMMONWEALTH OF
PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 09-cv-02160)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed: August 29, 2011)

_____

OPINION
_____

PER CURIAM

        William Fairfax appeals the District Court's order granting Appellees' motions to

dismiss his complaint.  We will affirm.

The procedural history of this case and the details of Fairfax's claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, Appellee Office of Vocational Rehabilitation (OVR) certified that Fairfax was disabled. Fairfax was then appointed by Appellee Social Security Administration (SSA) to a position as a claims authorizer for a two-year probationary period. Fairfax had difficulty learning the job and was terminated eleven months later. Fairfax filed a charge with the Equal Employment Opportunity Commission (EEOC) and eventually entered into a settlement. Fairfax argued that the SSA breached the settlement but the EEOC issued a decision concluding that the settlement had not been breached. Fairfax then filed a civil action in the District Court. After the District Court granted Appellees' motions to dismiss, Fairfax filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting the motions to dismiss. Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006). The District Court thoroughly described and analyzed Fairfax's claims, and we have nothing to add to its analysis. We agree with the District Court that it lacked jurisdiction over Fairfax's discrimination claims because he failed to exhaust his administrative remedies. See 29 C.F.R. § 1614.504. We further agree that Fairfax has not cited any authority demonstrating that he was entitled to two years of employment with the SSA or monitoring of his employment by the OVR. Moreover, Fairfax does not have a private

2

right of action under 5 C.F.R. § 2634.701 for alleged falsification of reports by the SSA or under 18 U.S.C. § 371 for the alleged conspiracy to reevaluate his disability.

For the above reasons, we will affirm the District Court's judgment. The motion to file a supplemental appendix filed by Appellee Commissioner of Social Security is granted.